**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

FILED

2003 DEC 24  A 10:

DISTRICT COURT
HARTFORD, CT.

| | | |
|---|---|---|
| ******************************************** | | |
| AIREX RUBBER PRODUCTS CORPORATION | * | |
| TERRENCE HETRICK, AS TRUSTEE OF THE | * | |
| AIREX RUBBER PRODUCTS CORPORATION | * | |
| DEFINED BENEFIT PENSION PLAN and | * | CIVIL ACTION NO. |
| AIREX RUBBER PRODUCTS CORPORATION | * | 3:00-CV-01425 (AVC) |
| DEFINED BENEFIT PENSION PLAN | * | |
| | * | |
| Plaintiffs | * | |
| | * | |
| v. | * | |
| | * | |
| RETIREMENT PLANNING ASSOCIATES, INC., | * | |
| R.J. MICHALSKI, INC., and R.J. MICHALSKI, | * | |
| INDIVIDUALLY | * | |
| | * | |
| Defendants | * | DECEMBER 23, 2003 |
| ******************************************** | | |

### MOTION FOR DISMISSAL PURSUANT TO RULE 41(a)(2)
### OF THE FEDERAL RULES FOR CIVIL PROCEDURE

The Plaintiffs in the above-captioned action, AIREX RUBBER PRODUCTS

CORPORATION, TERRENCE HETRICK, AS TRUSTEE OF THE AIREX RUBBER

PRODUCTS CORPORATION DEFINED BENEFIT PENSION PLAN and AIREX

RUBBER PRODUCTS CORPORATION DEFINED BENEFIT PENSION PLAN,

hereby move that this Court dismiss this action with prejudice pursuant to Rule 41(a)(2)

of the Federal Rules of Civil Procedure based on the following facts and findings and

subject to the following terms and conditions:

1.     Airex Rubber Products Corporation, ("**Airex**"), a Plaintiff in this action, is the plan sponsor and administrator of the Airex Rubber Products Corporation Defined Benefit Pension Plan (the "**Plan**").

2.     On 12/7/84, Airex adopted the Plan, with an original effective date of 1/1/84 (hereafter referred to as the "**Original Plan Document**"). The Plan received a favorable determination letter dated 6/30/86 from the IRS. A copy of the Original Plan Document, and the IRS favorable determination letter, are attached hereto as **Exhibit "A"**.

3.     Under the terms of the Original Plan Document, the *Normal Retirement Benefit* was defined as .888% of Monthly Compensation in excess of the Social Security Covered Compensation Table II x Years of Service, plus 20% of total Monthly Compensation. Specifically, Section 5.1 of the Original Plan Document read as follows:

> "5.1    Amount of Normal Retirement Benefit
>
> A.     Upon retirement at his Normal or Deferred Retirement Date, an Active Participant shall become a Retired Participant and shall receive a monthly Normal Retirement Benefit equal to the sum of (1) and (2) below:
>
>> (1)     .888 percent (.888%) of his Monthly Compensation in excess of his Social Security Covered Compensation (in accordance with Table II attached) multiplied by the Years of Service he has completed with the Company plus

2

          (2)     Twenty (20%) percent of his total Monthly Compensation."

4.    The *Accrued Benefit* was defined as the greater of (a) the Normal Retirement Benefit x Years of Service completed divided by the Years of Service Projected to Normal Retirement Date, or (b) 2% of Average Monthly Compensation x Years of Service after 1/1/84 (with a maximum of 10 Years). Average Monthly Compensation was defined as the average highest 5 consecutive years. Specifically Section 2.1 of the Original Plan Document defined a participant's Accrued Benefit as follows:

2.1    Accrued Benefit

    A.    The Accrued Benefit of a Participant at any given point in time shall be equal to the greater of the following:

        (1)    The projected Normal Retirement Benefit multiplied by a fraction; the numerator of which is the number of Years of Service the Participant has actually completed while as an Active Participant, and the denominator of which is the number of Years of Service the Participant would complete while as an Active Participant to his Normal Retirement Date; or

        (2)    Two (2%) percent of his Average Monthly Compensation for each of his Years of Service completed after January 1, 1984 (up to a maximum of ten (10) Years of Service credit).

3

(3)     For purposes of this Section 2.1, a Year of Service shall mean a Plan Year during which the Employee completes at least 1000 Hours of Service. All Years of Service while as an Active Participant since the Defined Benefit Effective Date, shall be counted, including such Years of Service completed prior to any separation or Break-In-Service.

5.     On 12/20/84, Airex adopted an amendment to the Original Plan Document, effective 1/1/84, that added Mark A. Sheptoff as an additional Trustee of the Plan. A copy of this amendment is attached hereto as **Exhibit "B"**.

6.     On 8/13/85, Airex adopted another amendment to the Original Plan Document, effective 1/1/85, that added certain language required by the Retirement Equity Act of 1984 ("REA"). A copy of this amendment is attached hereto as **Exhibit "C"**.

7.     On 7/28/86, Airex adopted another amendment to the Original Plan Document, effective 1/1/85, that added certain additional language required by the Retirement Equity Act of 1984 ("REA"). A copy of this amendment is attached hereto as **Exhibit "D"**.

8.     On 12/5/88, Airex adopted another amendment to the Original Plan Document, effective 1/1/88, which amendment changed the actuarial assumptions used by the Plan. A copy of this amendment is attached hereto as **Exhibit "E"**.

4

9.    On 12/10/89, Airex purportedly adopted an amendment (hereafter the "**Third Amendment**") to the Original Plan Document, which amendment was titled the "Third Amendment" (in actuality it was the fifth amendment), to be effective 1/1/89 which purportedly changed the Normal Retirement Benefit (NRB) to 20% of Average Monthly Compensation. An unsigned copy of the Third Amendment is attached hereto as **Exhibit "F"**. **(This is one of the amendments that Airex seeks to have voided *ab initio*.)**

a.    This amendment purportedly changed the NRB to a lower benefit. Specifically the Third Amendment purportedly amends Section 5.1(A) of the Plan to read as follows:

> "(A)  Upon retirement at his Normal or Deferred Retirement Date, an Active Participant shall become a Retired Participant and shall receive a monthly Normal Retirement Benefit equal to Twenty (20%) percent of such Participant's Average Monthly Compensation, computed to the nearest dollar."

b.    Pursuant to ERISA §204(h), in order for the Third Amendment to be effective, the Plan's Administrator must have provided a notice of the benefit reduction to all affected participants ("**204(h) Notice**"). Specifically, ERISA §204(h)(1) reads:

5

"An applicable pension plan may not be amended so as to provide for a significant reduction in the rate of future benefit accruals unless the plan administrator provides the notice described in paragraph (2) to each applicable individual (and to each employee organization representing applicable individuals)."

c.     Neither Airex, nor any of the parties to this action, have been able to produce a copy of the notice required by ERISA §204(h), and as a consequence, the U.S. Department of Labor,("**US DOL**") has challenged the validity of this Amendment.

d.     As a result of not being able to produce a copy of the required 204(h) Notice, and based upon the US DOL's conclusion that there was a lack of sufficient evidence that such a notice was provided to participants, Airex hereby moves the court to issue a finding that such Third Amendment is void *ab initio* due to lack of the 204(h) Notice. **(See Exhibit L, Letter from D.O.L. dated December 22, 2003 indicating that its investigation of the Plan will terminate upon the entry of the order attached to this motion.)**

6

10.    In the event the Third Amendment is voided *ab initio*, it will be necessary for the Plan's Administrator to determine the accrued benefits of the Plan's participants during the period that was originally purportedly controlled by the Third Amendment. Therefore, Airex also hereby moves the court to determine that the accrued benefits of Plan participants, for the period between January 1, 1989 (the effective date of the Third Amendment) and January 1, 1995 (the effective date of the 1994 TRA 86 Restatement that amended the Normal Retirement Benefit and Accrued Benefit definition as discussed below) shall be determined on the following basis:

a.    Non-Highly Compensated Participants (as defined in Section 414(q) of the Internal Revenue Code of 1984, as amended and as set forth in the Plan) would continue to have their accrued benefit, from January 1, 1989 through January 1, 1995, determined based upon the language set forth in the Original Plan Document as in effect prior to, and without regard to, the voided Third Amendment.

b.    As a result of the enactment of the Tax Reform Act of 1986, the benefit formula set forth in the Original Plan Document would violate, as of January 1, 1989, with respect to Highly

7

Compensated Participants (as defined in Section 414(q) of the Internal Revenue Code of 1984, as amended and as set forth in the Plan), the requirements of the Internal Revenue Code of 1984, as amended. Airex therefore proposes to rely upon IRS Notice 88-131, 1988 C.B. 546 (12/27/88), specifically Alternative IID, to freeze the accrual of benefits for all Highly Compensated Participants during the period from January 1, 1989 through January 1, 1995. − Accordingly, Airex hereby moves the court for a finding that the accrued benefits of all Highly Compensated Participants during the period from January 1, 1989 through January 1, 1995 shall be frozen pursuant to Alternative II D, and that all conditions required for Alternative II D to apply have been satisfied.

11. On 12/28/94, Airex adopted an amendment to the Original Plan Document and restated the Plan in its entirety to complying with the Tax Reform Act of 1986 ("TRA 86"), effective 1/1/89 (the "**1994 TRA 86 Restatement**"). The Plan received a favorable determination letter dated 2/5/96 from the IRS. A copy of the 1994 TRA 86 Restatement, and IRS favorable determination letter, are attached hereto as **Exhibit "G"**. This is the current version of the Plan.

8

12.    On 12/1/95, Airex purportedly adopted an amendment to the 1994 TRA

86 Restatement, titled the First Amendment, to be effective 1/1/95 (the

**"1995 Amendment"**) which amended the definition of "Accrued

Benefit" and the Normal Retirement Benefit. This changed the Accrued

Benefit to the Accrued Benefit as of 12/31/93 plus 2% of Average

Monthly Compensation x Years of Service after 12/31/93 (with a

maximum of 5 Years). A copy of this amendment is attached hereto as

**Exhibit "H"**.

a.    The effect of this amendment was to increase the benefits of

certain participants, and decrease the benefits of other

participants.

b.    As discussed earlier, pursuant to ERISA §204(h), in order for the

1995 Amendment to be effective, the Plan's Administrator must

have provided a notice of the benefit reduction to all affected

participants

c.    Neither Airex, nor any of the parties to this action, have been

able to produce a copy of the notice required by ERISA §204(h),

and as a consequence, the U.S. Department of Labor,(**"US**

**DOL"**) has challenged the validity of this Amendment.

9

d.    As a result of not being able to produce a copy of the required 204(h) Notice, and based upon the US DOL's conclusion that there was a lack of sufficient evidence that such a notice was provided to participants, Airex hereby moves the court to issue a finding that such 1995 Amendment is voided *ab initio* due to a lack of the 204(h) Notice. **(This is the other amendment that Airex seeks to have voided *ab initio*.) (See Exhibit L, Letter from D.O.L. dated December 22, 2003 indicating that its investigation of the Plan will terminate upon the entry of the order attached to this motion.)**

13.    On or about 3/31/97, Airex adopted a Second Amendment to the 1994 TRA 86 Restatement, effective 1/1/97, which changed the payment options if a Participant continued their employment after their Normal Retirement Date. An unsigned, undated copy of this amendment is attached hereto as **Exhibit "I"**.

14.    On 5/4/98, Airex adopted a Third Amendment to the 1994 TRA 86 Restatement, effective 5/4/98, removing James O. Hetrick, Jr. and Mark Sheptoff as Trustees, and replacing them with Terrence Hetrick. A copy of this amendment is attached hereto as **Exhibit "J"**.

CRANMORE, FITZGERALD & MEANEY  •  *ATTORNEYS AT LAW*
49 WETHERSFIELD AVENUE  •  HARTFORD, CONNECTICUT 06114-1102  •  (860) 522-9100

15.     On or about 7/15/98*, Airex adopted another amendment to the 1994

TRA 86 Restatement, titled the Third Amendment, to cease benefit

accruals effective 12/31/98 (the **"Freeze Amendment"**), or after the 15

day notice was provided.  The Participants received a copy of a Notice

of Cessation of Future Benefit Accruals prior to December 15, 1998.  A

signed but undated copy of the Freeze Amendment, and the Notice of

Cessation of Future Benefit Accruals are attached hereto as **Exhibit**

**"K"**.

\*   The amendment itself is undated in the space provided, however, based upon the fax dates
    that appear on the signed amendment, the amendment was adopted between 7/15/98 and
    7/17/98.

16.     The parties have only been able to locate the copies of the various

amendments to the Plan that have been attached hereto as Exhibits.

Furthermore, Airex has not been able to locate, and is uncertain whether

there are specific corporate resolutions that accompanied the adoption of

the amendments to the Plan.  In order to eliminate any questions

regarding the existence and validity of the amendments to the Plan which

are attached hereto as Exhibits, Airex moves that the court find that all

of the Amendments and restatements to the Plan attached hereto as

Exhibits A – E, G, I, J and K are validly adopted, existing and binding.

CRANMORE, FITZGERALD & MEANEY   •   ATTORNEYS AT LAW
49 WETHERSFIELD AVENUE   •   HARTFORD, CONNECTICUT 06114-1102   •   (860) 522-9100

17.    If the Third Amendment to the Original Plan Document (Ex. F) and the

1995 Amendment (Ex. H) are determined to be void *ab initio* and Plan

participants are entitled to their full and proper benefits, irrespective of

any purported benefit reductions intended by the 1989 and 1995 Plan

amendments (Exhibits F & H)   and there is a finding that Highly

Compensated Participants shall not have accrued any benefit under the

Plan during the period from January 1, 1989 through January 1, 1995,

and the other amendments and restatement to the Plan are ratified, the

Plan would be terminated, the owners, directors and officers of Airex

and the Trustee of the Plan will waive any portion of their benefits that

are necessary to make sure that all other participants received their full

benefits under the Plan and hereby consent to an order pursuant to 29

U.S.C. §1056(d)(4), ERISA §206(d)(4) requiring a pro rata offset of any

benefits due them.  Furthermore, no former Participants would be asked

to return any distributions previously received from the Plan.

18.    It is the intent of the parties to the subject action, that following a finding

that the Third Amendment and the 1995 Amendment are void *ab initio*

and a finding that Highly Compensated Participants shall not have

accrued any benefit under the Plan during the period from January 1,

1989 through January 1, 1995, and a finding re: the validity and binding

12

1989 through January 1, 1995, and a finding re: the validity and binding effect of all other amendments and the 1994 TRA and 86 Restatement, as contemplated herein, that said action will terminate by way of a Rule 41 (a)(2) dismissal *with prejudice*. Further, the Plaintiffs represent that the participants of the Plan will not bear any of the fees or expenses incurred in the subject action.

13

WHEREFORE, the Plaintiffs respectfully submit that the foregoing motion should be granted forthwith.

> PLAINTIFFS,
> AIREX RUBBER PRODUCTS
> CORPORATION,
> TERRENCE HETRICK, AS TRUSTEE OF
> THE AIREX RUBBER PRODUCTS
> CORPORATION DEFINED BENEFIT
> PENSION PLAN and AIREX RUBBER
> PRODUCTS CORPORATION DEFINED
> BENEFIT PENSION PLAN


> BY: _____
> JOSEPH V. MEANEY, JR.
> Cranmore, FitzGerald & Meaney
> 49 Wethersfield Avenue
> Hartford, CT 06114-1102
> Tel: (860) 522-9100
> Federal Bar No. CT 04315

14

## LIST OF EXHIBITS

*Exhibit "A"*   Original Plan Document effective 1/1/84 and corresponding IRS favorable determination letter dated 6/30/86

*Exhibit "B"*   Amendment effective 1/1/84, adopted 12/20/84 adding Mark Sheptoff as Trustee of the Plan

*Exhibit "C"*   Amendment effective 1/1/85, adopted 8/13/85 containing miscellaneous changes required by REA

*Exhibit "D"*   Amendment effective 1/1/85, adopted 7/26/86 containing miscellaneous changes required by REA

*Exhibit "E"*   Amendment effective 1/1/88, adopted 12/5/88 changing certain actuarial assumptions

*Exhibit "F"*   Third Amendment effective 1/1/89, adopted 12/10/89 changing the Normal Retirement Benefit

*Exhibit "G"*   1994 TRA 86 Restatement effective 1/1/95, adopted 12/28/94 and corresponding IRS favorable determination letter dated 2/5/96

*Exhibit "H"*   1995 Amendment effective 1/1/95, adopted 12/1/95 changing certain benefits

*Exhibit "I"*   Second Amendment effective 1/1/97

*Exhibit "J"*   Third Amendment effective 5/4/98, adopted 5/4/98 removing Mark Sheptoff and James Hetrick as Trustees and appointing Terrence Hetrick as successor Trustee

1

**Exhibit "K"**    Freeze Amendment effective 12/31/98, adopted 7/15/98 and the Notice of Cessation of Future Benefit Accruals, ceasing all future benefit accruals under the Plan

**Exhibit "L"**    Letter from United States Department of Labor dated 12/22/03

2

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed on this 24th day of December, 2003, to all counsel and pro se parties of record:

Mark Livesay, Esq.
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Frank J. Liberty, Esq.
Suisman, Shapiro, Wool,
Brennan, Gray & Greenberg
2 Union Plaza, Suite 200
P.O. Box 1591
New London, CT 06320

Donald E. D'Entremont, Esq.
Trial Attorney
Office of the Solicitor
U.S. Department of Labor
J.F.K. Federal Building, Room E-375
Boston, MA 02203

BY: _____
JOSEPH V. MEANEY, JR.
Cranmore, FitzGerald & Meaney

16